**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| SINOBIA N. BRINKLEY, *et al.*, | ) ) ) | |
| *Plaintiffs,* | ) ) | Civil Action No. 1:21-CV-01537 (RBW) |
| v. | ) ) | |
| DISTRICT OF COLUMBIA | ) ) | |
| *Defendant.* | ) ) ) | |

**MEMORAUM OF LAW IN SUPPORT OF**
**PLAINTIFFS' PARTIAL OPPOSITION TO DEFENDANT'S MOTION**
**FOR ENLARGEMENT OF TIME TO FILE ITS ANSWER**

Comes now Plaintiffs, by and through undersigned counsel, with their Partial Opposition to Defendant's Motion for Enlargement of Time and states as follows:

The case at bar has been pending since September of 2021. One of the ten Plaintiffs, Tabatha Knight, has moved for reconsideration of the dismissal of two of her claims. Defendant asks this court for a substantial extension to allow consideration of that motion when the outcome of that motion does not affect the other Plaintiffs in any way. Plaintiffs consent to the extension of an answer to Plaintiff Knight's claims in order to ascertain what Defendant has to answer. But that should in no way hinder Defendant's ability to answer the rest of the claims. Defendant's original Motion to Dismiss did not even seek to dismiss all of the claims, so Defendant has had years to prepare answers to those claims. As noted, Defendant asked for an additional sixty (60) days to answer the remaining claims, and Plaintiff consented to that.

This request to hold up the entire case is not based on good cause. The resolution of the motion for reconsideration should not encumber the progress on the rest of the case. Defendant

1

has had ample time to investigate the claims, and to prepare an answer to the rest of the claims, and it does not even articulate to the Court why it has failed to do so to date.  This case was dormant for years awaiting the decision on the Motion to Dismiss, and now that it is moving again, it would be a patent injustice to the Plaintiffs to put them into yet another dormant period to decide the merits of Plaintiff Knight's motion.

Plaintiffs assert that the better and more equitable plan is for Defendant to answer the claims of the other Plaintiffs, and for the parties to begin the process of discovery.  Given the volume and scope of discovery in this case, Plaintiff Knight will surely catch up once her motion is decided, particularly because several of the documents and witnesses needed to establish her claims will be needed by the other Plaintiffs as well.  This case will involve a large volume of written discovery, so it is best that the process begins as soon as possible.

Defendant does not suggest that it has been given insufficient time to draft an answer to the other claims.  It only argues that because Plaintiff Knight filed her motion, it should be absolved of having to file a timely answer with respect to the other Plaintiffs.  As noted by Defendant, Federal Rule of Civil Procedure 6(b)(1)(A) allows for extension when "good cause," is demonstrated. Defendant does not articulate any cause, let alone good cause, for not responding to the claims of the other Plaintiffs in the time frame provided by the Court, and therefore does not meet the standard.  The way that the Complaint is structured, it is easy to carve our responding to the facts asserted by Plaintiff Knight and the Claims asserted solely by Plaintiff Knight.  Therefore, Defendant has not articulated any cause for the seeking an additional extension on those claims.

Because Defendant has not articulated good cause not to answer the claims of the other Plaintiffs in a timely manner, Plaintiffs oppose their motion as to all Plaintiffs other than Plaintiff Knight, and ask that the extension sought be only granted with respect to the claims of Plaintiff Knight.

Respectfully submitted,

/s/*Pamela M. Keith*
Pamela M. Keith
CENTER FOR EMPLOYMENT JUSTICE
650 Massachusetts Ave. NW
Suite 600
Washington, DC 20001
(202) 800-0292
pamkeith@centerforemploymentjustice.com
*Counsel for Plaintiff*

Donald M. Temple
LAW OFFICES OF DONALD TEMPLE
2522B Virginia Ave.
Washington, DC 20037
(202) 717-5963
dtemplelaw@gmail.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

This is to certify that on this 8th day of May 2026, a copy of the foregoing Plaintiff's Partial

Opposition to Defendant's Motion for an Extension of Time to File its Answer was served on

counsel for Defendant by electronic Court filing:


Sarah Preis
Hailey Guillory
Aaron Finkhousen
OFFICE OF THE ATTORNEY GENERAL
400 6th St. NW
Washington, DC 20001
Sarah.preis@dc.gov
Hailey.guillory@dc.gov
Aaron.finkhousen@dc.gov
(202) 727-5291
*Counsel for Defendants*

/s/*Pamela M. Keith*
Pamela Keith

3

4

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| SINOBIA N. BRINKLEY, *et al.*, | ) ) ) ) | |
| *Plaintiffs,* | ) ) | Civil Action No. 1:21-CV-01537 (RBW) |
| v. | ) ) ) | |
| DISTRICT OF COLUMBIA | ) ) | |
| *Defendant.* | ) ) | |

## ORDER

Upon consideration of Defendant's Motion for Enlargement of Time to File its Answer, Plaintiff's Partial Opposition thereto and the entire record in this matter, it is on this _____ day of _____, 2026, hereby ORDERED that the Motion is GRANTED in part and DENIED in part. Defendant's Motion is GRANTED as to filing an answer to the claims of Plaintiff Tabatha Knight. The motion is DENIED with respect to Defendant's Answer to the claims of the other Plaintiffs. Defendant shall file its Answer as to the remaining claims of all Plaintiffs other than Tabatha Knight no later than _____.

So ORDERED,

_____                        _____
Date                                                            Judge Reggie B. Walton

Copies to:

    Counsel of Record